J. S64008/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LUIS GUILLERMO RODRIGUEZ-GARCIA, | : | |
| | : | No. 341 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, January 28, 2015,
in the Court of Common Pleas of Berks County
Criminal Division at No. CP-06-CR-0006116-2012

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　**FILED DECEMBER 14, 2015**

Luis Guillermo Rodriguez-Garcia appeals, ***pro se***, from the order of January 28, 2015, dismissing his first PCRA[1] petition.  After careful review, we reverse.

The PCRA court has summarized the history of this matter as follows:

> On September 23, 2013, [appellant] pled guilty to two (2) counts of PWID [(possession with intent to deliver)] as well as possession of drug paraphernalia.  [Appellant] was sentenced to two concurrent sentences of four (4) to eight (8) years [of] incarceration pursuant to a mandatory minimum sentence for possession of more than 100 grams of cocaine.  A mandatory minimum sentence of four years was applied because [appellant] was found in

---

* Former Justice specially assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

possession of more than 100 grams of cocaine pursuant to 18 Pa.C.S. § 7508.

On May 30, 2014, [appellant] filed his [PCRA petition]. In [appellant]'s PCRA Petition, [appellant] argued the following

1.    Appellant believes that **Alleyne v. United States**, 133 S.Ct. 2151 (2013) announced a new constitutional right that applies retroactively to his case. Based upon the decision in **Alleyne**, [appellant] requests this Court either allow [appellant] to withdraw his guilty plea and/or order a new sentencing hearing in this matter.

[Appellant]'s Motion for Post-Conviction Relief, 5/30/14, at 1-3.

On September 24, 2014, this Court held a PCRA Hearing via video conference. Attorney Emily Cherniack, Esq. represented [appellant] at the PCRA Hearing. After the hearing, both parties were ordered to file briefs in support of their arguments. On December 3, 2014, the Commonwealth filed a Memorandum requesting the denial of [appellant]'s PCRA Petition. On December 23, 2014, [appellant] by and through Counsel filed a Supplemental Memorandum in Support of his [PCRA] Petition.

After conducting an independent review of [appellant]'s PCRA petition and the complete record on file with the Berks County Clerk of Courts, this Court filed an Order and Notice of Intent to Dismiss [appellant]'s PCRA Petition on January 6, 2015. On January 28, 2015, this Court entered a final Order dismissing [appellant]'s PCRA petition.

On February 18, 2015, [appellant] filed a **pro se** Notice of Appeal with the Pennsylvania Superior Court. On February 18, 2015, [appellant] was directed to file of record in this Court a concise statement of errors complained of on appeal

> pursuant to Pa.R.A.P. 1925(b). On February 23, 2015, this Court received [appellant]'s "Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b)."

PCRA court opinion, 4/16/15 at 1-2.

> On March 30, 2015, this Court received Defense Counsel's Motion to Withdraw as Counsel in this matter. On March 31, 2015, this Court denied Defense Counsel's Motion to Withdraw and ordered Defense Counsel to file an appellate brief on [appellant]'s behalf or file a "no-merit" letter requesting to withdraw from representation pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) [(**en banc**)], and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988). This Court has yet to receive any correspondence from Defense Counsel concerning [appellant]'s appeal.

**Id.** at 3.

On April 24, 2015, upon consideration of appellant's **pro se** "motion for the appointment of counsel or to proceed **pro se**," this court remanded for the trial court to determine how appellant wished to proceed, and if appellant wished to proceed **pro se**, to conduct an on-the-record inquiry pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988), to ensure appellant's waiver of counsel was knowing, voluntary, and intelligent. On May 12, 2015, the trial court issued an order granting appellant's request to proceed **pro se**, having determined that, after a **Grazier** hearing, appellant made a knowing, voluntary, and intelligent waiver of his right to counsel.

On appeal, appellant alleges that his mandatory minimum sentence of 4 to 8 years' incarceration, imposed pursuant to 18 Pa.C.S.A. § 7508,

relating to mandatory minimum sentences for certain drug trafficking offenses, was illegal. (Appellant's brief at 4.) Appellant argues that Section 7508 cannot be constitutionally applied in light of **Alleyne**, which held that any fact that served to aggravate the minimum sentence must be found by a jury beyond a reasonable doubt. We agree.

> At the outset, we note that issues pertaining to **Alleyne** go directly to the legality of the sentence. **Commonwealth v. Lawrence**, 99 A.3d 116, 123 (Pa.Super.2014). With this in mind, we begin by noting our well-settled standard of review. "A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction." **Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 n. 8 (Pa.Super.2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa.Super.2014) (citation omitted). "An illegal sentence must be vacated." **Id.** "Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is **de novo** and our scope of review is plenary." **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa.Super.2014) (citations omitted).

**Commonwealth v. Fennell**, 105 A.3d 13, 15 (Pa.Super. 2014), **appeal denied**, 121 A.3d 494 (Pa. 2015). In both **Fennell** and **Commonwealth v. Cardwell**, 105 A.3d 748 (Pa.Super. 2014), **appeal denied**, 121 A.3d 494 (Pa. 2015), this court found Section 7508 to be unconstitutional in its entirety. It is important to note that **Alleyne** was decided on June 17, 2013, and appellant was sentenced on September 23, 2013; therefore, retroactivity is not an issue. **Cf. Commonwealth v. Riggle**, 119 A.3d 1058

(Pa.Super. 2015) (holding that **Alleyne** is not entitled to retroactive effect in a PCRA setting).

The recent case of **Commonwealth v. Melendez-Negron**, ___ A.3d ___, 2015 WL 5657130 (Pa.Super. 2015), is instructive. In that case, on November 15, 2013, Melendez-Negron entered a negotiated plea to drug charges including PWID. Melendez-Negron was in possession of a firearm at the time of the offenses in question. In accordance with 42 Pa.C.S.A. § 9712.1 (relating to drug offenses committed with firearms), the trial court sentenced Melendez-Negron to five to ten years of incarceration on the PWID conviction. **Id.** at *1.

Melendez-Negron did not file a direct appeal; however, on July 7, 2014, he filed a timely **pro se** PCRA petition. Subsequently, appointed counsel filed an amended PCRA petition on his behalf, arguing that his sentence was unconstitutional, and therefore illegal, in light of the United States Supreme Court's decision in **Alleyne**, ___ U.S. ___, 133 S.Ct. 2151 (2013), and this court's decisions in **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (**en banc**), and **Commonwealth v. Valentine**, 101 A.3d 801 (Pa.Super. 2014). **Newman** held that because Section 9712.1 allows the trial court, as opposed to a jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs while in possession of a firearm, or that a firearm was "in close proximity" to the drugs, it does not pass constitutional

muster under **Alleyne**. The PCRA court granted Melendez-Negron's petition, vacated his sentence, and ordered that he be re-sentenced. **Id.**

On the ensuing appeal, this court rejected the Commonwealth's argument that because Melendez-Negron admitted the element that would trigger the application of Section 9712.1 (possession of a firearm), there was no **Alleyne** violation:

> As this Court has previously concluded,
>
>> we see no meaningful difference, for the purposes of **Newman** and **Valentine**, between submitting the element to the jury and accepting a stipulation from a defendant. They both have the purpose of finding a method to impose a mandatory minimum sentence outside the statutory framework, but consistent with **Alleyne**. However, both **Newman** and **Valentine** unequivocally state that creating a new procedure in an effort to impose a mandatory minimum sentence is solely within the province of the legislature. [] While submission to a jury is a more formal and involved procedure, we decline to fracture **Newman** and **Valentine** further by concluding that when read together, they only prohibit formal mandatory minimum procedures, but permit informal ones.

**Id.** at *3, quoting **Cardwell**, 105 A.3d at 754-755. We determined that Melendez-Negron's admission that he possessed a firearm, which he made for purposes of his plea, was the functional equivalent of a stipulation, and pursuant to **Cardwell**, it did not remedy the **Alleyne** violation inherent to Section 9712.1.

However, this court in ***Melendez-Negron*** did agree with the Commonwealth that the proper remedy was to vacate the guilty plea, not remand for re-sentencing. As in the case ***sub judice***, Melendez-Negron and the Commonwealth entered into a negotiated plea under the misapprehension that a mandatory minimum sentencing statute applied, and it is well settled that in plea negotiations, "both parties to a negotiated plea agreement are entitled to receive the benefit of their bargain." ***Id.*** at *5 (citations omitted). "Accordingly, we conclude that the shared misapprehension that the mandatory minimum sentence required by § 97[12].1 applied to Melendez-Negron tainted the parties' negotiations at the outset. [T]he parties' negotiations began from an erroneous premise and therefore were fundamentally skewed from the beginning." ***Id.***

Similarly, in this case, all parties, including the trial court, understood that appellant faced a 4-8 year mandatory minimum sentence under Section 7508 for possessing in excess of 100 grams of cocaine with intent to deliver. (Notes of testimony, 9/23/13 at 8.) The Commonwealth argues that it is entitled to the benefit of its bargain and that appellant's sentence was in the standard range of the guidelines. It is axiomatic that a defendant cannot agree to an illegal sentence. ***See Commonwealth v. Gentry***, 101 A.3d 813, 819 (Pa.Super. 2014) ("Our cases clearly state that a criminal defendant cannot agree to an illegal sentence, so the fact that the illegality

was a term of his plea bargain is of no legal significance.") (citation omitted).

Regarding appellant's mandatory sentence also falling within the standard range of the sentencing guidelines, the Commonwealth's argument misses the mark. All parties were under the impression that Section 7508 applied due to the amount of the drugs possessed, which provided the framework for plea negotiations. The fact that appellant theoretically could have received the identical sentence regardless of the applicability of Section 7508 is beside the point. Appellant was sentenced under the mandatory sentencing provisions of Section 7508, which has been held to be unconstitutional in its entirety. Therefore, appellant's sentence was without statutory authorization and is illegal. This court must vacate an illegal sentence.

Similarly, the Commonwealth points out that appellant received the identical sentence on the conspiracy charge, which was not subject to Section 7508. Appellant received a concurrent sentence of 4-8 years for conspiracy which was also within the standard range. Again, however, the 4-8 year mandatory was the basis for appellant's sentence. (**See** notes of testimony, sentencing, 9/23/13 at 11 ("The sentences in these matters will be based upon the mandatory invoked by the Commonwealth, which this Court finds the mandatory does apply . . . .").) At the hearing on appellant's PCRA petition, appellant asserted that given various mitigating factors in his

favor, including lack of a prior criminal record, his age, and employment history, he could have argued for a lesser sentence. (Notes of testimony, 9/24/14 at 8.)

The Commonwealth points out that in his brief on appeal, appellant asks only for re-sentencing, not to withdraw his plea. However, clearly the appropriate remedy in a case such as this, where the parties have negotiated an illegal sentence, is to return the parties to the status quo prior to the entry of the guilty plea by vacating the plea. *Melendez-Negron*, *supra*.

The PCRA court, in denying appellant relief, relied on the fact that appellant admitted, on the record at his guilty plea, to possessing over one hundred grams of cocaine. We rejected a similar argument in *Cardwell*, *supra*, where the Commonwealth and the defendant entered into a stipulation that the total weight of the PCP in that case was 6.148 grams, stating, "this conclusion was premised on the trial court's belief that Section 7508(b), which permits the trial court to find the necessary elements by a preponderance of the evidence, was severable from the rest of the statute. Pursuant to this Court's decision in *Newman*, this conclusion was not correct." *Cardwell*, 105 A.3d at 754. To reiterate, Section 7508 is unconstitutional in its entirety in light of *Alleyne* and any sentence imposed thereunder is illegal and must be vacated. As such, we are compelled to

reverse the order denying appellant PCRA relief, vacate the guilty plea, and remand for further proceedings.

Order reversed. Guilty plea vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015